CARSTEN H. SIECK, APPELLEE, V. WALTER J. PERRY ET AL., APPELLANTS.

FILED MAY 6, 1921.  No. 21470.

Appeal: HARMLESS ERROR. A judgment will not be reversed for the giving of an erroneous instruction, when it appears from the whole record that the party complaining has not been prejudiced thereby.

APPEAL from the district court for Douglas county: JAMES T. BEGLEY, JUDGE. *Affirmed on condition.*

*M. O. Cunningham,* for appellants.

*A. E. Langdon, J. O. Detweiler* and *B. N. Robertson,* contra.

LETTON, J.

Appeal from a judgment against defendants Perry for rental value of land. The facts are that plaintiff, Sieck, leased from the Union Pacific Railroad Company a part of its right of way on both sides of the "Lane Cut-Off" tracks, containing about eight acres. Afterwards defendant Perry, who owned about 130 acres of land through which both the old main line and the "Cut-Off" ran, leased the same for a cash rent of $700 to defendant Grabow. This lease excepted the strip of land leased by the Union Pacific to plaintiff, but in a later provision of this lease is the statement, "This lease also includes the crop and all the privileges of the Union Pacific Railroad right of way." Grabow took possession of the strip leased to Sieck, claiming under his lease from Perry. Grabow testifies that he plowed the strip, although Sieck told him Perry had no right to it; that he spoke to Perry about this, and Perry said to farm it, and if Sieck came to throw him off. This testimony is corroborated by another witness who heard the conversation. Sieck testifies that, when he went to see Perry about Grabow's taking possession, Perry told him he had a lease to it, and would farm it that year. All

of this testimony is denied by Perry.  He also testified that in June he saw Grabow cultivating this strip and told him he had no right there; that Grabow said that Sieck had not done anything with it, and he made up his mind he would farm it.  Perry admits that Sieck had called him on the telephone two or three times about the matter and had come to see him, but says he told him he was not interested, and "cut him off."

The court instructed the jury that, under the pleadings and evidence in the case, the plaintiff was entitled to recover from one or both of the defendants the reasonable cash rental value of the premises on March 1, 1917.  This instruction was justified by the evidence.  Complaint is made of instruction No. 6.  The court evidently was of the opinion that an affirmative defense was pleaded.  The answer of the appellant consists essentially of a general denial.  The later allegations merely amplify this by pleading facts, but do not set up an affirmative defense. The burden of proof was upon the plaintiff to establish his contention.  Instruction No. 6 removed this burden and was erroneous.  The overwhelming weight of testimony, however, is with the plaintiff, and we are convinced that the giving of this instruction did not prejudicially affect the defendants.

It is also complained that the verdict is excessive.  There was no proof that the land had ever rented for a share of the crop.  The testimony as to the rental value varied from $3.50 to $8 an acre, except that Sieck testified it was worth $25 an acre.  His lease from the railroad company was at the rate of $3 an acre.

Taking all the evidence into consideration, we believe the recovery is excessive, and that a recovery of $64 with interest from March 1, 1917, is all that the evidence will sustain.  Unless plaintiff files a remittitur for all in excess of this amount, the judgment is reversed.  If such remittitur is filed within 20 days, it will stand affirmed.

AFFIRMED ON CONDITION.